IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RICK KNIGHT,                              )
                                          )
             Plaintiff,                   )
                                          )
vs.                                       )     Case No. 18-00090-CV-W-ODS
                                          )
ENCOMPASS HOME & AUTO                     )
INSURANCE,                                )
                                          )
             Defendant.                   )

<u>ORDER (1) DENYING DEFENDANT'S MOTION TO BIFURCATE, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE, (3) GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART DEFENDANT'S MOTIONS IN LIMINE, AND (4) DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING</u>

Pending is Defendant's motion to bifurcate (Doc. #45), Plaintiff's motions in limine (Doc. #53), and Defendant's motions in limine (Doc. #55). As set forth below, Defendant's motion to bifurcate is denied, Plaintiff's motions in limine are granted in part and denied in part, and Defendant's motions in limine are granted in part, denied in part, and deferred in part.

## I.    DEFENDANT'S MOTION TO BIFURCATE

Defendant requests the Court to bifurcate the trial, separating the claims of liability for underinsured motorist benefits and vexatious refusal. Doc. #45. Defendant argues infusing evidence of the vexatious refusal claim with the other issues would be highly prejudicial to him. Plaintiff argues the contractual and bad faith claims are similar enough to permit trial of all claims simultaneously and bifurcation would result in duplicative trials and repetitious evidence. Doc. #48.

The Federal Rules of Civil Procedure provide the Court's authority to order bifurcation:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). "District courts possess broad discretion to bifurcate issues for purposes of trial…." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) "[D]istrict courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202 (citing *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1042 (8th Cir. 1983)). The district court's ruling on a motion to bifurcate is reviewed for an abuse of discretion. *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000). A district court does not abuse its discretion by denying a motion to bifurcate if the movant failed to show the denial prejudiced its case. *Id.*

The Court finds bifurcation is unnecessary to avoid prejudice or expediate the trial. Bifurcation would not necessarily preserve judicial economy because, for example, evidence regarding the coverage issue would be presented during both phases of the trial if Defendant's request was granted. For the same reason, the convenience of the parties and jury may be burdened if the matter is bifurcated. The Court finds no reason to bifurcate the trial. Accordingly, Defendant's motion to bifurcate is denied.

## II.   MOTIONS IN LIMINE

Parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

### A. Plaintiff's Motions in Limine

### (1) Payments Made by Plaintiff's Health Insurance Company or His Employer Pursuant to the Collateral Source Rule

Plaintiff moves to exclude any mention of payments made by his health insurance company or his employer pursuant to the collateral source rule. Defendant does not oppose Plaintiff's motion as to collateral sources but requests the right to cross

2

examine Plaintiff on whether he actually sustained a loss as allowed under the law. The Court grants Plaintiff's motion and Defendant's request. The parties shall not mention or discuss collateral source payments.

### (2) Actual Amount Paid Verses Charged Amount of Plaintiff's Medical Bills

Plaintiff requests that Defendant be precluded from offering evidence of the actual amount paid for Plaintiff's full medical bills. Plaintiff argues that because the underlying tortfeasor is not a party to the action, Missouri Revised Statute § 490.715 cannot apply because the medical treatment was not necessitated by a party's negligence. Defendant argues section 490.715 applies, and the reasonable and logical interpretation of section 490.715 gives "party" a broader meaning. Defendant further contends it is entitled to introduce evidence of "net" medical bills.

The defendant insurance company's liability is derivative of the liability of the underlying tortfeasor, and as such, the underlying tortfeasor is a "party" as defined by section 490.715.5. *Behlmann v. Century Sur. Co.*, 794 F.3d 960, 964 (8th Cir. 2015). Accordingly, the Court finds that both the amount billed, and the amount paid to the healthcare provider(s) are admissible. The Court further notes this analysis was recently employed by the Missouri Court of Appeals to reach the same result. *See Brancati v. Bi-state Dev. Agency*, 2018 WL 6613412 (Mo. App. 2018) (finding the trial court did not err and there was no prejudice in admitting evidence of the "amount charged" for medical bills because the "amount charged" could be admitted under either the former or the amended version of section 490.715.5). For these reasons, Plaintiff's motion is denied.

### (3) Evidence of Causal Fault of Anyone Other Than 100% Fault to Mackey

Plaintiff seeks to exclude evidence of the causal fault of anyone at trial other than 100% of fault to Mr. Allyn Mackey. Defendant does not oppose this motion. Plaintiff's motion is granted.

### (4) Argument or Inference of Plaintiff's Attorneys' Fees

Plaintiff seeks to preclude Defendant from arguing or implying that his attorneys

have a contingency or other interest in the recovery in this case.  Plaintiff argues this information is irrelevant and prejudicial.  Defendant argues Plaintiff's attorney's fees are discoverable and admissible because Plaintiff is seeking recovery of attorney's fees.  The Court agrees with Plaintiff and finds introducing such evidence would have a prejudicial effect and cause confusion if the jury heard evidence (or inference) related to attorneys' fees.  Plaintiff's motion is granted.

### (5) Tax Consequences of a Verdict for Plaintiff

Plaintiff moves to preclude comments about or reference to any tax implications for a jury award.  Defendant does not oppose the motion.  Plaintiff's motion is granted.

### (6) Comparing a Personal Injury Lawsuit to the Lottery or Gambling

Plaintiff moves to preclude comments comparing a personal injury lawsuit to the lottery or gambling.  Defendant does not oppose the motion.  Plaintiff's motion is granted.

### (7) Referring to Plaintiff's Subsequent Finger Injury

Plaintiff seeks to exclude any reference to his subsequent finger injury (which occurred while using an electric chipping hammer) because the evidence would be prejudicial.  Defendant argues the evidence relates to the limitations he was experiencing with regard to his wrist injuries and may be used to impeach Plaintiff.  Defendant does not intend to argue Plaintiff's subsequent finger injury is the same as any claim for injury he has made or is seeking damages for that injury.  Plaintiff's motion is denied.

### (8) Additional Motions in Limine

Plaintiff seeks to reserve his right to add additional motions in limine, if necessary, after taking the deposition of defendant's expert, Dr. Alexander Bailey, on April 29, 2019, and after taking the deposition of Plaintiff's own expert, Dr. Michael Hall, on May 9, 2019.  Defendant did not respond to this motion.  Plaintiff's motion is granted.

Both parties may file additional motions in limine related solely to these two expert witnesses within thirty days of completing the depositions.

### B. Defendant's Motions in Limine

#### (1) Evidence, Testimony or Comments Concerning Poverty or Wealth

Defendant seeks to exclude any plea of poverty, arguing a jury should not be influenced by what might happen to a party as a result of the jury's decision. Plaintiff does not oppose the motion. Defendant's motion is granted.

#### (2) Amount of Money Defendant Has Spent on the Case

Defendant contends evidence, testimony, or comments referring to the amount of money Defendant has spent to defend the case, or its litigation resources should be excluded. Plaintiff does not oppose this motion. To the extent Defendant calls witnesses who have been or will be compensated for their testimony, that evidence will be permitted. With regard to Defendant's request in all other regards, the motion is granted.

#### (3) Evidence, Testimony or Comments Concerning the Existence of Liens

Defendant seeks to exclude evidence, testimony, or comments about the existence of any liens. Plaintiff does not oppose this motion. Defendant's motion is granted.

#### (4) Testimony of Evidence and Witnesses Not Identified in Discovery

Defendant seeks to exclude evidence and witnesses not disclosed during discovery. Plaintiff does not oppose the motion to the extent he will not be prevented from calling a witness who was disclosed in deposition testimony or in responses to written discovery by either party. Defendant's motion and Plaintiff's request are granted.

#### (5) Statements Attributed to Defendant Not Identified in Discovery

Defendant seeks to exclude any statement attributed to Defendant that was not identified in discovery. Plaintiff does not oppose this motion to the extent he will not be prevented from introducing evidence of any statement by Defendant that was disclosed in deposition testimony or in responses to written discovery by either party. Defendant's motion and Plaintiff's request are granted.

### (6) Hearsay Statements of Doctors or Other Witnesses as to Facts and Damages

Defendant asks that all hearsay statements be excluded. Plaintiff argues this motion is overbroad. The Court agrees with Plaintiff. Defendant failed to identify any specific evidence or testimony it seeks to exclude. To the extent hearsay evidence is elicited and a timely objection is lodged, the Court will rule on those objections at that time. Defendant's motion is denied.

### (7) Settlement Negotiations

Defendant seeks to exclude evidence regarding settlement negotiations. Plaintiff argues settlement negotiations are relevant to his claim based upon Defendant's bad faith conduct. The Court requires additional briefing on the issue of whether settlement negotiations are admissible to prove bad faith conduct. The parties are directed to file additional briefing regarding this motion on or before May 24, 2019. The Court defers ruling on this motion until it receives the parties' additional briefing.

### (8) Testimony by Expert Witnesses not Properly Identified

Defendant seeks to preclude expert opinions not timely disclosed, specifically Jeffrey Kaplan, M.D. Defendant argues that although Plaintiff "reserved a right" to designate "portions of" Dr. Kaplan's report, he has never done so, and he has not designated Dr. Kaplan as an expert witness. Plaintiff argues Defendant's motion should be denied because Dr. Kaplan is a medical expert who Defendant hired. Therefore, Plaintiff argues, Defendant had full knowledge of this expert's credentials, his costs for forensic work, and his opinions as set forth in Dr. Kaplan's written reports, which Defendant received. The Court agrees with Plaintiff. Defendant has not been

prejudiced in any way by Plaintiff's technical deficiencies due to timing of the disclosure. Defendant's motion is denied.

### (9) Defendant's Failure to Undertake an Independent Medical Examination

Defendant seeks to exclude evidence, testimony, or mention of its failure to undertake an independent medical examination of Plaintiff because it is neither relevant nor material. Plaintiff argues he is entitled to cross examine Defendant's expert witness regarding his opinions and conclusions, which are based upon the expert reviewing Plaintiff's medical records. The Court agrees with Plaintiff. This information is relevant, and the jury is entitled to consider it when deciding whether to rely upon the opinions of Defendant's expert witness. Defendant's motion is denied.

### (10) Plaintiff's Alleged Damages Not Disclosed Through Discovery

Defendant seeks to exclude evidence, testimony, or comment concerning Plaintiff's alleged damages not disclosed through discovery. Plaintiff does not oppose this motion to the extent he will not be prevented from introducing evidence of damages disclosed in deposition testimony or in responses to written discovery by either party. Defendant's motion and Plaintiff's request are granted.

### (11) Members of the Jury Place Themselves in Plaintiff's Shoes

Defendant requests that the Court exclude all evidence, testimony, or comments suggesting jurors place themselves in Plaintiff's shoes. Plaintiff does not oppose this motion. Defendant's motion is granted.

### (12) Failure to Call any Witness Equally Available to all Parties or any Witness Not Available to or Under the Control of Defendant

Defendant seeks to exclude evidence, testimony, comment or reference to the failure to call a witness to testify, when that witness is equally available to the parties, or the failure to call a witness who is not available to or under the control of Defendant. Plaintiff does not oppose this motion. Defendant's motion is granted.

### (13) Defendant's Original Pleading of Comparative Fault of Plaintiff

Defendant seeks to exclude evidence, testimony, or comments concerning Defendant having originally pled comparative fault of Plaintiff. Plaintiff argues this evidence is relevant to his claims, and he has a right to introduce abandoned pleadings as evidence. The Court agrees with Plaintiff. Defendant's motion is denied.

**(14) Medical Causation Not Supported by Requisite Expert Testimony**

Defendant seeks to exclude evidence of medical causation not supported by requisite expert testimony. Plaintiff does not respond to this motion. Defendant's motion is granted.

**(15) Plaintiff's Alleged "Lost Opportunity" to Purchase and Rehabilitate a House**

Defendant seeks to exclude evidence regarding Plaintiff's alleged "lost opportunity" to purchase and rehabilitate a house. Plaintiff argues, as a property owner and professional construction contractor, he is qualified to opine what it would have cost to perform construction work to improve his property before he sold it.

In general, lost profits are deemed "too remote, speculative, and too dependent upon changing circumstances to warrant a judgment for their recovery." *Anderson v. Abernathy*, 339 S.W.2d 817, 824 (Mo. 1960) (internal quotation omitted). Lost profits "may be recovered only when they are made reasonably certain by proof of actual facts, with present data for a rational estimate of their amount." *Id*. Here, Plaintiff has provided no such facts and data. Plaintiff's alleged "lost opportunity" damages and/or lost profits are speculative. Accordingly, Defendant's motion is granted.

### III.   CONCLUSION

As set forth above, Defendant's motion to bifurcate is denied, Plaintiff's Motions in Limine are granted in part and denied in part, Defendant's Motions in Limine are granted in part, denied in part, and deferred in part. The parties are directed to file additional briefing regarding Defendant's motion to exclude settlement negotiations on or before May 24, 2019.

IT IS SO ORDERED.

    DATE: May 16, 2019
    <u>/s/ Ortrie D. Smith</u>
    ORTRIE D. SMITH, SENIOR JUDGE
    UNITED STATES DISTRICT COURT