IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICK KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-00090-CV-W-ODS |
| ) | |
| ENCOMPASS HOME & AUTO ) | |
| INSURANCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE VII

The Court ordered the parties to provide supplemental support for their positions relating to Defendant's motion in limine VII. Doc. #69, at 6. Defendant's motion seeks to exclude evidence regarding settlement negotiations. Doc. #55, at 5. Plaintiff argues evidence of settlement negotiations is admissible in this case under Fed. R. Evid. 408(b) to prove Count II of Plaintiff's Petition—bad faith and vexatious refusal to settle. Defendant argues evidence of bad faith must be excluded because the evidence lacks any probative value and is prejudicial to Defendant.

Although evidence of conduct during settlement negotiations generally is inadmissible to prove a party's liability for the underlying claim, it may be admitted "when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408.

Bad faith is a state of mind indicated by acts and circumstances and can be proven by circumstantial and direct evidence. *Zumwalt v. Utils. Ins. Co.*, 228 S.W.2d 750, 754 (Mo. 1950). "Examples of bad faith include: failing to fully investigate a third-party claimant's injuries or recognize their severity, ignoring that a verdict could exceed policy limits, refusing to consider a settlement offer, and not keeping an insured informed of settlement offers or the risks of an excess judgment." *Shobe v. Kelly,* 279 S.W.3d 203, 211 (Mo. Ct. App. 2009).

Here, evidence concerning settlement negotiations of the disputed claim is being offered by Plaintiff to support a claim of bad faith on the part of Defendant, not to prove liability for the claim or its amount. Therefore, Defendant's motion in limine VII is denied.

IT IS SO ORDERED.

DATE: June 13, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT